Russell S. Thompson, IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickie Corr, *on behalf of herself and all others similarly situated*, <br><br>Plaintiff, <br><br>vs. <br><br>RSKM, LLC dba E&A Medical Billing & Insurance Services, <br><br>Defendant. | Case No. <br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Vickie Corr ("Plaintiff") brings this putative class action against Defendant RSKM, LLC dba E&A Medical Billing & Insurance Services ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of herself and all others similarly situated.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

5.  Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

**PARTIES**

10. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Gilbert.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. In connection with the collection of the Debt, Defendant sent Plaintiff written correspondence dated June 3, 2018.

19. A true and correct copy of the June 3, 2018 letter and envelope is attached as Exhibit A.

20. Through the envelope's window, Defendant includes its name and return address. Exhibit A.

21. Defendant's name, which appears through the window, is disclosed as "E&A Medical Billing & Insurance Services." Exhibit A.

22. Using the name "E&A Medical Billing & Insurance Services" indicates that Defendant is in the debt collection business.

23. However, below its name it states: "**DELINQUENT CLAIMS DEPT**." Exhibit A (emphasis in original).

24. The June 3, 2018 letter was Defendant's initial communication with respect to the Debt.

25. The June 3, 2018 letter purports to provide the notices required by 15 U.S.C. § 1692g(a)(3)-(5). Exhibit A.

26. Despite the top of the letter referring to "E&A Medical Billing & Insurance Services," the body of the letter states the account has been referred to RSKM, LLC. Exhibit A.

27. Further, the letter notes that "RSKM" will assume the validity of the Debt if not disputed, "RSKM" will obtain and mail verification if it receives a written dispute, and "RSKM" will provide the name and address of the original creditor if requested in writing. Exhibit A.

28. Nowhere in the June 3, 2018 letter does it explain the relationship between "E&A Medical Billing & Insurance Services" and "RSKM, LLC." Exhibit A.

29. Upon reading the letter, the least sophisticated consumer would be misled into believing "E&A Medical Billing & Insurance Services" and "RSKM, LLC" are two separate entities.

30. The letter does not provide any contact information for RSKM.

31. Upon receiving the letter, the least sophisticated consumer would be unsure how to dispute the Debt with RSKM.

32. By sending the letter on "E&A Medical Billing & Insurance Services" letterhead and referring to "RSKM, LLC" within the purported validation notices, Defendant did not meaningfully convey the required notices.

## CLASS ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all factual allegations above.

34. Upon information and belief, Defendant's June 3, 2018 initial correspondence is based on a form or template where the letter uses "E&A Medical Billing & Insurance Services" letterhead and refers to "RSKM, LLC" throughout the body (the "Template").

35. Defendant has used the Template to send collection letters to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter.

36. Upon information and belief, Defendant's June 3, 2018 letter is part of a general letterhead template where the return address uses the name "E&A Medical Billing & Insurance Services" and states "**DELINQUENT CLAIMS DEPT**" ("Letterhead Template") designed to be used with a window envelope ("Envelope").

37. Upon information and belief, Defendant used the Letterhead Template and Envelope to send collection letters to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter.

Complaint - 6

38. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following classes of individuals:

**Template Class**
All persons with an Arizona address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint.

**Letterhead Template and Envelope Class**
All persons with an Arizona address, to whom Defendant sent a letter using the Letterhead Template and Envelope, within one year before the date of this complaint.

39. The classes are averred to be so numerous that joinder of members is impracticable.

40. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

41. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

42. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

43. Plaintiff's claims are typical of those of the classes she seeks to represent.

44. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted

individually, the claims of the members of the classes would require proof of the same material and substantive facts.

45. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

46. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

47. Plaintiff is willing and prepared to serve this Court and the proposed classes.

48. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

49. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

51. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

54. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

# COUNT I
# VIOLATION OF 15 U.S.C. § 1692f(8)

55. Plaintiff repeats and re-alleges each factual allegation contained above.

56. "§ 1692f(8)'s prohibition on language and symbols applies to markings that are visible through a transparent window of an envelope." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302 (3d Cir. 2014).

57. "The text of § 1692f(8) is unequivocal. '[A]ny language or symbol,' except the debt collector's address and, in some cases, business name, may not be included 'on any envelope.'" *Id.* at 303 (citing 15 U.S.C. § 1692f(8)).

58. Defendant violated 15 U.S.C. § 1692f(8) by using language or a symbol, other than Defendant's address, on an envelope sent to Plaintiff that expresses something other than Defendant's business name.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f(8) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

    e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

    g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

59. Plaintiff repeats and re-alleges each factual allegation contained above.

60. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

61. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is

inaccurate.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006)).

62. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, by sending an initial communication that would mislead the least sophisticated consumer into believing "E&A Medical Billing & Insurance Services" and "RSKM, LLC" are two separate entities and not conveying the contact information for RSKM so that the consumer can submit a timely dispute.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

   f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

   g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

   h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)

63. Plaintiff repeats and re-alleges each factual allegation contained above.

64. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

65. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

66. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v.*

*Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

67. "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

68. "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor." *Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003); (citing *Ost v. Collection Bureau, Inc.,* 493 F. Supp. 701, 703 (D.N.D. 1980) ("communication must not be designed to 'evade the spirit of the notice statute, and mislead the debtor into disregarding the notice'").

69. Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

70. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 24, 2018

Complaint - 15

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@ThompsonConsumerLaw.com

Attorneys for Plaintiff